UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Weiyang Wu,

                    Plaintiff,

          -against-

King Dragon Chinese Restaurant Inc., Yu Ping
Chen, and Yanlai Lin,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/8/2026_____

25 Civ. 10798 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case.  *See* ECF No. 20.

An FLSA action shall not be dismissed unless the settlement agreement has been approved by the Court or the Department of Labor ("DOL").  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) ("The concern of *Cheeks* was with the settlement that included as one of its terms the dismissal of the action, and not specifically with whether the dismissal was with prejudice or without.").

Accordingly, to the extent Plaintiff seeks dismissal pursuant to Rule 41, Plaintiff—or the parties jointly—must either file a letter motion requesting that the Court approve the settlement agreement or, alternatively, provide documentation of approval by DOL.  Any letter motion, along with the settlement agreement, must be filed on the public docket by **July 8, 2026**.  The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) [T]he plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a bona fide dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement, if any, plaintiff's attorney shall be seeking as fees.  *See Cheeks*, 796 F.3d at 202, 207.

The parties are advised that they should be specific as to the range of possible recovery and the seriousness of the litigation risks faced so that the Court can evaluate the settlement. "[C]onclusory statements are insufficient." *Brito v. Alpine Constr. & Renovation Corp.*, No. 23 Civ.

2748, 2024 WL 323368, at *2 (S.D.N.Y. Jan. 29, 2024).  Absent special circumstances, the Court shall not approve any settlement agreement that is filed under seal or in redacted form.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 n.44 (S.D.N.Y. 2015).

In addition, absent compelling circumstances, the Court shall not approve settlement agreements containing sweeping non-disclosure provisions, *see id.* at 179–80; *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015), or broad releases waiving claims having no relation to FLSA issues, *see Flood*, 2015 WL 4111668, at *2.  Specifically, absent extraordinary circumstances, the Court shall not approve settlements that (1) "release from liability numerous entities beyond Defendants, including[] their predecessors, successors, assigns, parents, subsidiaries," and other entities; (2) "bind not only Plaintiff[] but also [his] successors, assigns, heirs, . . . and any legal and personal representatives"; and (3) require Plaintiff to release "any claim regarding unpaid or improperly paid wages," not only the claims involved in the instant action.  *Velez v. S.T.A. Parking Corp.*, No. 23 Civ. 4786, 2024 WL 552781, at *3 (S.D.N.Y. Feb. 12, 2024).

Any request for attorneys' fees must be accompanied by supporting documentation.  "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'"  *Lopez*, 96 F. Supp. 3d at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336).

The parties may consent to proceed before the Honorable Katharine H. Parker, who would then oversee the approval of the settlement.  If the parties consent to Judge Parker's jurisdiction, by **July 8, 2026**, they shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, available at https://nysd.uscourts.gov/node/754 on the docket.  The parties are free to withhold consent without negative consequences.  If the Court approves that form, all further proceedings will then be conducted before Judge Parker.  An information sheet on proceedings before magistrate judges is attached to this order.  Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so ordered.

Any pending motions are moot.  All deadlines other than those set forth herein are suspended.  All conferences are vacated.

SO ORDERED.

Dated: June 8, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2

AO 85 (Rev. 02/17)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
## for the

|  |  |
|---|---|
| _____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| _____ ) | |
| *Defendant* ) | |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:   _____        _____
                                              *District Judge's signature*

                                              _____
                                              *Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.



**United States District Court**
**Southern District of New York**

### UNITED STATES MAGISTRATE JUDGES:
### REFERRALS AND CONSENTS

All cases in the Southern District of New York are assigned to two judges: a district judge and a magistrate judge. District judges are appointed for life terms by the President. Magistrate judges are selected by a majority vote of the district judges in the particular district and serve terms of eight years.

**Referrals to the Magistrate Judge.** The district judge assigned to your case may refer the case to a magistrate judge for specific purposes. Commonly, the referral will be for the magistrate judge to conduct the proceedings that occur before trial, such as resolving discovery disputes or presiding over settlement conferences. A referral may also be made for the magistrate judge to issue to the district judge a report and recommendation on how to resolve a motion, such as a motion to dismiss or a motion for summary judgment. The consent of the parties is not needed for the district judge to refer the case to the magistrate judge for these purposes. If the district judge has made such a referral, you can ask the district judge to review any magistrate judge's decision by filing an objection with the district judge within fourteen days of that decision. The district judge will rule on any timely objections that you file. If you do not file an objection, you will give up your right to challenge the magistrate judge's decision at a later time, including on appeal. *See* Rule 72 of the Federal Rules of Civil Procedure.

**Consent to Proceed Before the Magistrate Judge.** If you would like your case to move more quickly, it is helpful to consent to proceed before the magistrate judge for all purposes, including any trial. If you consent, the magistrate judge will perform the identical function that the district judge would have performed. Any trial in your case would be either a jury or a nonjury trial, depending upon whether there is a right to a jury trial and a proper request for such a trial.  The only difference is that the magistrate judge – and not the district judge – would preside over that trial. Cases that proceed for all purposes before a magistrate judge generally move more quickly than cases before a district judge. If you consent to proceed before the magistrate judge, the district judge plays no further role in the case. Any appeal is taken directly to the Court of Appeals. It is your choice whether or not to consent to proceed before the magistrate judge, and all parties must consent or the case will not proceed before the magistrate judge.

A copy of the appropriate consent form is attached. Additional forms are also available from the Pro Se Intake Unit and on the Court's website.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

Rev. 1/20/15